UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert H. McNeely,                           Case No. 3:18-cv-2528

                    Plaintiff

v.                                           MEMORANDUM OPINION AND
                                             ORDER

State of Ohio,

                    Defendant


        This matter is before me on the civil rights Complaint of Plaintiff Robert H. McNeely.

(Doc. 1).  Also before me is Plaintiff's motion to proceed with this matter *in forma pauperis*.  (Doc. 2).

For the following reasons, I grant Plaintiff's *in forma pauperis* motion, and dismiss this action.

## BACKGROUND

        Plaintiff's Complaint chronicles a criminal case in the Lucas County, Ohio Court of

Common Pleas where Plaintiff alleges that he pleaded guilty on October 22, 2004, to rape and sexual

battery.  (Doc. 1 at 2-3).  The events described in the Complaint include various appeals and writs

filed by Plaintiff.  According to the Complaint, Plaintiff was released from prison on May 26, 2016.

After he was released, Plaintiff filed various motions with the Ohio courts, all of which were

dismissed or denied.  (*Id*. at 5-6).  Plaintiff alleges that he was wrongfully convicted and asks that I

overturn his conviction, clear his record, bar state prosecutors for further attempts to prosecute him,

and award him 30 Million Dollars in damages.  (*Id*. at 6).

## STANDARD OF REVIEW

        Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

(per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis*

action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it

lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

## ANALYSIS

Plaintiff fails to allege a plausible civil rights claim pursuant to 42 U.S.C. § 1983 because *Heck v. Humphrey*, 512 U.S. 477 (1994) bars such claims.  Under *Heck*, a plaintiff cannot succeed in a § 1983 action when the basis for the claim necessarily implies the invalidity of a previous state criminal conviction.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486-87.

Here, Plaintiff asks this Court to overturn his 2004 conviction in the Lucas County Court of Common Pleas, clear his record, and award him damages.  This I cannot do.  Plaintiff has not alleged that this criminal conviction has been resolved in his favor or invalidated in any of the ways articulated by *Heck*.  Indeed, he alleges to the contrary.  Therefore, *Heck* bars Plaintiff's § 1983 action.[1]  Except in the context of a properly asserted habeas corpus action brought pursuant to 28

---

[1]  In addition, it appears that the statute of limitations for bringing a § 1983 action has expired. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims.  *LRL Properties v. Portage Metro Hous. Auth.*, 55 F. 3d 1097 (6th Cir. 1995).  Plaintiff challenges his 2004 conviction in the Lucas County Court of Common Pleas, and this action was filed long after the two-year limitations period expired.

U.S.C. § 2254, Plaintiff may not ask a district court to review rulings made in state criminal proceedings.  *See Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (affirming dismissal to the extent that plaintiff asked the district court to overturn his conviction because such a claim is barred by *Heck* and not cognizable under § 1983) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

## CONCLUSION

For the reasons stated above, I grant Plaintiff's motion to proceed *in forma pauperis* and dismiss this action pursuant to 28 U.S.C. § 1915(e).  I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge